VANLANDINGHAM *et al. v.* MERIDIAN CREEK DRAINAGE DIST. *et al.*

(In Banc. May 26, 1941. Suggestion of Error Overruled June 14, 1941.)

[2 So. (2d) 591. No. 34587.]

Milton **Williams**, of Memphis, Tenn., and **Marshall Perry**, of Grenada, for appellants.

Thos. L. Haman, of Houston, for appellee, Meridian Creek Drainage District.

**C. R. Bolton**, of Tupelo, for appellee, People's Bank & Trust Co.

**Henley, Jones & Woodliff**, of Hazlehurst and Jackson, for appellees.

Argued orally by **Marshall Perry** and **Milton Williams**, for appellants, and by **C. R. Bolton** and **W. S. Henley**, for appellees.

**Anderson, J.**, delivered the opinion of the court.

Appellants are landowners in the Meridian Creek Drainage District. The appellees are the commissioners of the district and bondholders of the district. Appellants in their bill sought to have the district declared illegal and void and dissolved. The cause was heard on bill, supplemental bill, exhibits, demurrers, answer and agreement of counsel resulting in a decree dismissing the bill. From that decree, this appeal is prosecuted.

The bill charges that the district was never legally organized in that the petition therefor did not contain the signatures of a sufficient number of landowners in the district, and that there was no process served on the remaining landowners; that the district was organized in 1920 and all the proceedings organizing the district were burned in 1922 when the courthouse of the county was destroyed by fire; that by reason of such destruction the district was void without the right to further operate as such; that an effort was made to restore the lost

records in 1931 under the authority of Section 2346 of the Code of 1930; that such proceedings were void because not begun within three years after the destruction and for the further reason that J. A. Sims, one of the defendants, was guilty of fraud in procuring the signatures of landowners of the district waiving process; that the assessment of benefits was more than the value of the land; that there was no need for the formation of the drainage district, and that the landowners had received no pay as damages for the right-of-way of the ditch. Appellees answered the bill denying all of its material allegations and charged further that appellants had been guilty of laches in the long delay in filing the bill; that the questions involved were res adjudicata and that the organization of the district and the issuance of the bonds and all other proceedings in the matter had been several times validated by the Legislature. The proceedings organizing the district which was re-established under Section 2346 were made exhibits.

The district was organized in February, 1920. The bill in this cause was filed in December, 1940, more than twenty years after the organization of the district. First, we will take up the defense of laches: The doctrine of laches is thus stated in Section 33 of Griffith's Chancery Practice: "The doctrine of laches, although resembling limitations, is not based upon, nor bound by, any express statute of limitations. It is a rule peculiar to and inherent in courts of equity; and it applies where it would be practically unjust to give a remedy, either because the applicant has by his conduct done that which might be fairly regarded as equivalent to a waiver of his remedy, or where by his conduct and neglect he has, though perhaps not waiving that remedy, yet put the other party in a situation in which it would not be reasonable to place him if the remedy were to be afterwards asserted. A long or protracted delay in the prosecution of rights is presumed to have produced the situation last mentioned and equity looks with so little favor upon such

prosecutions that it will not entertain them, although no express statute of limitations is available,—unless facts are shown which will rebut the presumption of injustice arising out of the apparently undue delay, or which will excuse the same.'' Comans et al. v. Tapley et al., 101 Miss. 203, 223, 57 So. 567, Ann. Cas. 1914B, 307. We are of opinion that this doctrine applies here in its full force. A delay of twenty years under the facts and circumstances of this case was too long. The proceeding under Section 2346 of the Code, had in 1931, to re-establish the destroyed record of the organization of the district did not have any bearing on the question of appellant's laches. The object of that statute as shown by the title and its language was to restore constructive notice. The proceeding under the statute neither validated nor invalidated the destroyed record. The charge in the bill that fraud was practiced in procuring the signatures of some of the landowners to the waiver of process required by that statute is without merit. A simple charge of fraud is not sufficient; it is a conclusion from facts. It was therefore necessary to charge in the bill the facts which were relied on as constituting fraud.

Although not necessary to a disposition of the case, we feel inclined to go further. We are of opinion that the curative statutes, Chapter 295, Laws of 1922, Chapter 225, Laws of 1924, and Chapter 280, Laws of 1926, validated any defect in the proceedings organizing the district and providing for the issuance of the bonds. Those statutes simply provided that such proceedings were ratified and confirmed and declared to be valid, including the districts organized thereunder. Such curative statutes are valid. Reed v. Norman-Breaux Lumber Co., 142 Miss. 756, 107 So. 545.

Here we have a district organized through the chancery court more than twenty years before the bill was filed in this case. Bonds have been sold; and a drainage canal has been dug; during that time taxes have been levied and collected annually. The Court had jurisdiction of

the subject matter and the parties in the manner provided by law. It is too late now to upset the whole scheme. The apparent attack on the constitutionality of our drainage laws is not serious enough to call for discussion by our Court.

Affirmed.