Hood, et ux. *v.* Lamar.

Dec. 14, 1953

No. 39012          46 Adv. S. 67          68 So. 2d 456

*Paul M. Moore,* Calhoun City, for appellants.

*Kermit R. Cofer,* Water Valley, for appellee.

HALL, J.

On August 28, 1950, N. R. Lamar conveyed to Buford Hood approximately 81½ acres of land, and on the same date Hood and wife executed to Lamar a note for $6,500.00 balance due on the purchase price thereof, and

a deed of trust securing payment of the note which was payable in annual installments. Lamar first left the note and deed of trust with the bank cashier and later left them at Hardin's Store. He obtained the papers from the store on a subsequent date and carried them to the courthouse to be recorded but the chancery clerk's office was closed and he took them home. They were in some unknown manner lost or misplaced without the deed of trust having been recorded.

On June 10, 1952, after being unable to obtain execution of a new note and deed of trust by Hood and wife, Lamar filed suit to establish these lost instruments and for a lien on the land for the balance of the indebtedness then due. He alleged in the bill that he was entitled to an early vacation hearing under the provisions of Section 776, Code of 1942. Pursuant to that section, the clerk gave notice to the chancellor of the filing of the bill and answer thereto, and the chancellor set the cause for hearing in vacation on September 6, 1952. Hood and wife filed a motion to remand the cause to the docket for hearing at a regular term of court and specifically raised the question that the case was not such as is permitted to be heard in vacation. The chancellor overruled the motion and proceeded to a vacation hearing of the matter over the objection of the defendants. Upon conclusion of the evidence he entered a vacation decree granting the relief prayed for, from which Hood and wife appeal.

██ ██ They first contend that the chancellor erred in trying the case in vacation over their objection. Code Section 776 is in the chapter dealing with lost records. It makes specific provision for the filing of a bill to re-establish the same "in all cases where the record of any instrument affecting the title, lien or interest in real estate is lost or destroyed by tornado, fire or otherwise" and further provides that a suit to establish such lost record may be heard in vacation. In the case of Vanlandingham v. Meridian Creek Drainage District, 191 Miss. 345, 352,

2 So. 2d 591, it was held that "The object of that statute as shown by the title and its language was to restore constructive notice." In this case there had been no constructive notice of the lien of the deed of trust for the reason that it had never been recorded, and there was no constructive notice to be restored. We think it is clear from a reading of the statute that it has no application, insofar as a vacation trial is concerned, in the case of a lost instrument which has never been placed of record, and that consequently if the vacation decree in this case is to stand it must find support in some other statute. Sections 1228, 1229 and 1230, Code of 1942, deal with matters in which a vacation hearing is authorized, and the present suit does not come under any of those sections nor under any other statute that we have been able to find. We are of the opinion, therefore, that the chancellor was without authority to try this case and enter final decree in vacation, for which reason his action must be reversed.

▆▆▆ At the conclusion of the hearing the chancellor did not require of Lamar an indemnifying bond in favor of Hood and wife in case the original note should be produced by someone else, but merely provided in the decree: "The complainant, N. R. Lamar, by the establishment of said deed of trust, by this decree hereby indemnifies the defendants against any loss they might sustain in case the original note should be produced and sued on." In their answer the defendants admitted the indebtedness evidenced by the note and averred that they were unwilling to execute a new note and deed of trust without an indemnifying bond. We think they were entitled to this. The case of Gordon v. Manning, 44 Miss. 756, involved a lost note, and the Court said: "Is the defendant, Mrs. Gordon, entitled to indemnity? If Mrs. Gordon, by the loss of the note, is exposed to danger, at the suit of any person who may find the note, and hereafter sue upon it, then she ought to have a surety. * * * But, inas-

much as she may be subjected to suit, by some casual finder of the paper, and incur costs in making defense, she ought to be indemnified against all costs, damages, etc., to which she may be exposed.'' See also 34 Am. Jur., page 616, Lost Papers and Records, Section 45.

Summarizing, we hold that the chancellor was without authority to try this case and enter a final decree in vacation, since it does not come within the provisions of Code Section 776, and, although the bill does state a case on which the chancellor may in term time decree establishment of the lost instruments and impress a lien on the land for the balance due, in so doing he should require indemnity of Lamar.

Reversed and remanded.

*Roberds, P. J.*, and *Lee, Holmes* and *Ethridge, JJ.*, concur.